IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY DOCKERY, | : | |
| | : | Civil Case No. 3:11-CV-1368 |
| Plaintiff | : | |
| | : | |
| v. | : | Judge Edwin M. Kosik |
| | : | |
| SEC. OF CORRECTIONS M. WENTZEL, et al. | : | |
| | : | Civil Action - Law |
| | : | |
| Defendants | : | Electronically filed |

## DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, by their attorney, submit the following answer to the complaint.

## JURISDICTION and VENUE

1.   This numbered paragraph contains statement of jurisdiction, to which **NO RESPONSE** is required.

2.   This numbered paragraph contains statement of venue, to which **NO RESPONSE** is required.

3.   **ADMITTED**.

4.   **DENIED**.   John Wentzel is the Secretary of the Pennsylvania Department of Corrections ("DOC").   The remaining allegations contained in this paragraph contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

5. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that Michael Klopotoski is the Deputy Secretary for DOC Eastern Region.  The remaining allegations contained in this paragraph contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

6. **DENIED**.  Robert Collins is the Superintendent at the State Correctional Institution at Frackville ("SCI-Frackville"). The remaining allegations contained in this paragraph contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

7. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that Anthony Kovalchik is the Deputy Superintendent for Centralized Services at SCI-Frackville. The remaining allegations contained in this paragraph contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

8. **DENIED**.  Shawn Kephart is the former Corrections Classification Program Manager at SCI-Frackville. The remaining allegations contained in this paragraph contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

9. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that Joanne Miranda is the Unit Manager of the Secured Special Needs Unit ("SSNU") at SCI-Frackville.  The remaining allegations contained in this paragraph contain

conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

10.     **ADMITTED** in part and **DENIED** in part. **ADMITTED** that Larry Liggit is Chaplaincy Program Director at SCI-Frackville.  The remaining allegations contained in this paragraph contain conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

11.     This paragraph contains conclusions of law to which no response is required; in the event it is deemed factual, they are **DENIED**.

12.     **DENIED**. Plaintiff lacks standing to bring this action on behalf of himself and all those similarly situated in the DOC SSNU's and the prison general population as this action is not certificated as a class action pursuant to Fed. R. C. P. 23.

13.     Answering defendants are without sufficient knowledge, information or belief to **ADMIT** or **DENY** the allegations contained in this paragraph; therefore it is **DENIED**.

14.     **ADMITTED** in part and **DENIED** in part.  **ADMITTED** that plaintiff was transferred to the SSNU at SCI-Frackville in April 2009, as a phase 5, custody level 5 inmate.  It is further **ADMITTED** that due to plaintiff's custody level he was not permitted to attend Jumu'ah services. Answering defendants are

without sufficient knowledge, information or belief to **ADMIT** or **DENY** the remaining allegations contained in this paragraph; therefore they are **DENIED**.

15. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that as a custody level 5 inmate plaintiff was not permitted to attend Jumu'ah services. The remaining allegations contained in this paragraph are **DENIED**.

16. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that plaintiff requested Jumu'ah service to be broadcast via closed circuit television and that the request was denied. The remaining allegations contained in this paragraph are **DENIED**.

17. **DENIED**.

18. **ADMITTED.**

19.-21. **DENIED.**

22. This paragraph contains conclusions of law to which no response is required; in the event it is deemed factual, they are **DENIED**.

23. Answering defendants are without sufficient knowledge, information or belief to **ADMIT** or **DENY** the allegations contained in this paragraph; therefore it is **DENIED**.

24. **ADMITTED** in part and **DENIED** in part. **ADMITTED** that in February, 2011 plaintiff was instructed to submit another DC-52 requesting a religious diet. The remaining allegations contained in this paragraph contain

conclusions of law to which no response is required; in the event they are deemed factual, they are **DENIED**.

25.-27.   These paragraphs contain conclusions of law to which no response is required; in the event it is deemed factual, they are **DENIED**.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive Plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## FOURTH DEFENSE

The Complaint is barred, in part, for Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA").

## FIFTH DEFENSE

Plaintiff lacks standing to bring this action on behalf of himself and others similarly situated in the DOC SSNU and the prison general population as this action is not certified as a class action pursuant to F.R.C.P. 23.

## SIXTH DEFENSE

Plaintiff is entitled to no relief, whether compensatory, injunctive, punitive or otherwise.

        **Respectfully submitted,**

        **LINDA L. KELLY**
        **Attorney General**

**By:**    **/s/ *Maryanne M. Lewis***
        **MARYANNE M. LEWIS**
        **Senior Deputy Attorney General**
        **Attorney I.D. # 83812**

        **SUSAN J. FORNEY**
        **Chief Deputy Attorney General**
        **Chief, Litigation Section**

**Office of Attorney General**
**15th Fl., Strawberry Square**
**Harrisburg, PA 17120**
**Phone:  (717) 787-9719 (Direct)**
**Fax:      (717) 772-4526**
mlewis@attorneygeneral.gov

**DATE:**     **October 24, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMOTHY DOCKERY,** | : | |
| | : | Civil Case No. 3:11-CV-1368 |
| Plaintiff | : | |
| | : | |
| v. | : | Judge Edwin M. Kosik |
| | : | |
| **SEC. OF CORRECTIONS M. WENTZEL, et al.** | : | |
| | : | Civil Action - Law |
| | : | |
| Defendants | : | Electronically filed |

## CERTIFICATE OF SERVICE

I, Maryanne M. Lewis, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on October 24, 2011, I caused to be served a true and correct copy of the foregoing document titled Defendants' Answer to the Complaint by First Class, U.S. Mail to the following:

    Timothy Dockery, BK#8487
    SCI-Frackville
    1111 Altamont Boulevard
    Frackville, PA  17931

                                         */s/ Maryanne M. Lewis*
                                         **MARYANNE M. LEWIS**
                                         **Senior Deputy Attorney General**