UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON
FEB 22 2013
PER _____
DEPUTY CLERK

TIMOTHY DOCKERY,                :
                                :
      Plaintiff                 :
                                :
      v.                        : CIVIL NO. 3:CV-11-1368
                                :
SEC. OF CORRECTIONS M. WETZEL,  : (Judge Kosik)
et al.,                         :
                                :
      Defendants

## MEMORANDUM

Plaintiff, Timothy Dockery, an inmate at the State Correctional Institution at Frackville (SCI-Frackville), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 22, 2011. He proceeds in forma pauperis in this matter. Named as Defendants are Pennsylvania Department of Corrections ("DOC") employees M. Wetzel, DOC Secretary, and Mr. Kloptosky, DOC Deputy Secretary. Also named as Defendants are the following employees at SCI-Frackville: B. Collins, Superintendent; A. Kolvalchik, Deputy Superintendent of Centralized Services; S. Kephart, Corrections Classification Program Manager; J. Miranda, Unit Manager of the SSNU ("Secure Special Needs Unit"); and L. Liggitt, Chaplaincy Program Director. In the complaint, Plaintiff sets forth claims that (1) he is not permitted to participate in the Jumu'ah (Friday) prayer service as required by the tenets of his

Islamic faith due to his confinement in the SSNU; (2) Defendants have failed to provide him with a religious diet according to the tenets of his Islamic religion; (3) the SSNU program is unlawful because it is not licensed to operate/administer psychiatric and psychological treatment to inmates and is not in compliance with DOC policy 13.8.1; and (4) his due process rights were violated when he was put in the SSNU without a full administrative hearing in accordance with DC-ADM 801 and 802. (Doc. 1, Compl.)

Service of the complaint was directed on August 24, 2011. Defendants filed their answer to the complaint on October 24, 2011. (Doc. 20.) An initial scheduling order was issued on January 5, 2012, directing that all discovery be complete within sixty (60) days and any dispositive motions filed within thirty (30) days thereof. (Doc. 26.) These dates were thereafter enlarged on two occasions. The latest order was issued on March 8, 2012, wherein the court directed that all discovery be concluded within sixty (60) days, and any dispositive motions filed within thirty (30) thereafter. (Doc. 33.) On May 1, 2012, Plaintiff filed a motion to compel discovery. (Doc. 37.) Presently before the court for consideration is Plaintiff's motion for leave to file an amended complaint (Doc. 40) and Defendants' motion for summary judgment (Doc. 42). For the reasons that follow, the motion for summary judgment will be dismissed without prejudice to renew following the court's resolution of the

2

discovery matters outstanding in this case.[1] Plaintiff's motion for leave to amend the complaint will be construed as a motion to supplement the complaint, and will be denied.

## I. Background

Plaintiff alleges that he was transferred to SCI-Frackville's SSNU Program in April of 2009 as a Phase 5 Custody Level 5 inmate. After arrival there, he requested to participate in the Jumu'ah (Friday) prayer service as required by the tenets of his Islamic religious beliefs. He states that his request was denied due to his Level 5 housing status, but that he was told when he progressed to Level 3 the matter could be revisited. Plaintiff claims that after he advanced to Phase 3 he again made his request. The Management Review Team informed him that attending the service was still not an option while he was confined in the L-5 Unit. Plaintiff claims that this is in contradiction to DOC Policy 13.8.1 which allows a Phase 3 inmate a weekly cell visit by the Chaplain and 1 out of cell non-denominational religious study. However, in acknowledging the security concerns of the prison, Plaintiff proposed that the Jumu'ah service be broadcast every Friday via closed circuit television. This request was denied. According to Defendants Liggitt and Damiter, the DOC did not have

---

[1] In the pending motion to compel discovery, Plaintiff challenges Defendants' responses to his Requests for Admissions and Requests for the Production of Documents. (Doc. 37.) This motion will be addressed by the court in a separate Memorandum and Order.

3

money to provide such broadcasts. Plaintiff submitted a grievance with respect to the matter (#333150), and was informed that he needed to submit a DC-52 Request for Religious Accommodation to the Religious Accommodation Committee. He did so but never received a response.

On October 16, 2010, Plaintiff filed another grievance (#339536) with respect to the denial of participation in Jumu'ah prayer service. The request was denied by Defendant Kephart on November 3, 2010. Appeals therefrom were pursued by Plaintiff but were unsuccessful. The response to his final level appeal informed Plaintiff that when in L-5 security housing, religious services occur at the cells through rounds made by facility and contract chaplains. Plaintiff states that any such practice contradicts DOC Policy 13.8.1. He further challenges any such procedure in that the facility chaplain is non-Muslim, and Plaintiff needs an Islamic Chaplain to meet his religious needs. According to Plaintiff, Liggitt stated that he was unable to find a suitable Islamic chaplain for security clearance. Based upon the foregoing, Plaintiff contends that his rights under RLUIPA are being violated since he is unable to participate in Jumu'ah.

It is further alleged that Defendants are depriving Plaintiff with his religious diet according to the tenets of Islamic religion. He claims he must eat of the Halal, the lawful foods permitted by Allah. He submitted a DC-52 with respect to this issue, but did not receive any reply. Liggitt denies ever having received the DC-52.

4

Further, Plaintiff claims that the SSNU program is in violation of his federal rights because it is not licensed to operate and administer psychiatric and psychological treatment to inmates. He complains that the program is not in compliance with DOC Policy 13.8.1. He also raises a due process claim with respect to his placement in the SSNU. He alleges that he was not provided with a full administrative hearing in accordance with DC-ADM 801 and 802. He seeks declaratory, injunctive and monetary relief.

## II. Discussion

Plaintiff has filed a motion seeking leave to file an amended complaint. (Doc. 40.) He has also submitted a brief in support thereof. (Doc. 41.) In reviewing his filings, he seeks to allege additional facts against some of the original defendants, as well as name new defendants with respect to new allegations. In each of these instances, the new facts that Plaintiff seeks to set forth all pertain to incidents that occurred after the complaint in this action was filed. (Doc. 41.) Specifically, he alleges that Defendant Liggitt retaliated against him for filing the instant lawsuit by "disrupting and interfering with his fast . . . ." (Id. at 4.) He also asserts these claims with respect to two individuals not named as Defendants in the original complaint - Officers Bickowski and Walter. Plaintiff further seeks to add allegations that Defendant Miranda retaliated against him for filing this lawsuit by improperly "failing him from the SSNU" and recommending that he remain in Phase 5. He was

5

thereafter placed in a psychiatric observation cell ("POC") for a "time out" per orders of Defendants Miranda and Kovalcik, after he accused them of retaliating against him by failing him in the program. (Id. at 6.)

In seeking to amend his complaint, Plaintiff also appears to set forth conditions of confinement claims with respect to the POC where he was placed on August 16, 2011. He claims he did not receive showers, a mattress, time in the exercise yard, linens, underclothing and visits to the law library. (Id.)

In reviewing Plaintiff's submission, it is clear he seeks to supplement his complaint to add events and occurrences that have occurred since the filing of this action. As such, his motion will be construed as a motion to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d), as opposed to a motion to amend the complaint pursuant to Fed. R. Civ. P. 15(a). For the reasons that follow, his motion will be denied without prejudice to pursue his claims in a new civil rights action if he so chooses.

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." However, "when the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial

economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified." Wright & Miller, <u>Federal Practice & Procedure: Civil § 1506 at 551 (1971)</u>. A supplemental pleading cannot be used for the purpose of trying a new matter or a new cause of action.

Further, it is within the sound discretion of the trial court whether to grant a motion for leave to file a supplemental complaint. Factors to be considered in making this determination include the promotion of a justiciable disposition of the case, the delay or inconvenience in permitting a plaintiff to supplement the complaint, and any resulting prejudice to other parties in the action. <u>Yates v. Painter</u>, No. 3:CV-05-1723, 2009 WL 1321553 at 2 (M.D. Pa. May 12, 2009); <u>Nottingham v. Peoria</u>, 709 F. Supp. 542, 544 (M.D. Pa. 1988). It has been held that a court may deny leave to file a supplemental complaint where the new proposed pleading related only indirectly to the original complaint and the new alleged cause of action arose from a body of facts unrelated to those set forth in the original complaint. <u>Id</u>.

In the instant case, the original pleading sets forth claims including the violation of Plaintiff's right to practice his religion and due process challenges. In attempting to supplement the complaint, he now seeks to add retaliation claims due to his filing of the instant lawsuit and conditions of confinement claims. These claims are unrelated to the claims set forth in the original pleading and must be pursued in a new action. To allow otherwise would defeat the purpose of Rule

15(d), as well as the intention behind the Prison Litigation Reform Act, if Plaintiff were allowed to tack on unrelated claims in a single lawsuit and avoid the payment of the required filing fee in a new action. Although Plaintiff alleges retaliation for filing the instant action, the claims arise from a completely separate body of facts. Further, the conditions of confinement claims clearly arise from a separate body of facts. These claims are more properly brought in a new civil rights action. As such, Plaintiff's motion to supplement will be denied. An appropriate order follows.